# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2021

Lyle W. Cayce
Clerk

No. 20-30403

Stacy Patrick,

*Plaintiff—Appellant*,

*versus*

Walmart, Incorporated, formerly "Wal-Mart, Incorporated,"

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-00738

Before Higginbotham, Costa, and Oldham, *Circuit Judges*.

Per Curiam:*

Stacy Patrick sued Walmart for employment discrimination after it fired her from her position as an assistant manager at a Shreveport store. Patrick, a white woman, claims that Walmart fired her because of her race in violation of both Title VII of the Civil Rights Act and 42 U.S.C. § 1981. She

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

also alleges that she experienced a racially and sexually hostile work environment.[1]

As an assistant manager, Patrick supervised a group of about fifteen employees who unloaded merchandise from trucks at the back of the store. Before the incidents at issue in this case, Patrick had received two disciplinary "coachings" relating to a customer service complaint and company policy violation.

The process that led to Patrick's termination began when unloaders she supervised complained to a manager that Patrick used the N-word at work. The complaint triggered an internal investigation during which at least five employees confirmed that Patrick had used the N-word on the job. Due to the seriousness of the offense and Patrick's prior disciplinary record, Walmart fired her following the investigation.

The district court granted summary judgment to Walmart on all claims and denied Patrick's later motion to reopen discovery.

I.

Patrick argues that the district court incorrectly granted summary judgment on her race discrimination claim. We review a grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-moving party. *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019).

Patrick maintains that Walmart terminated her because of her use of the N-word at work but did not discipline African-American unloaders who used the same racial epithet on the job. Claims of race discrimination based on circumstantial evidence, such as Patrick's, follow the *McDonnell Douglas*

---

[1] Patrick originally included allegations that her termination was motivated by retaliation and sex discrimination, but she does not appeal the dismissal of those claims.

*v. Green* burden-shifting framework. *See* 411 U.S. 792, 803–04 (1973).[2] The parties agree that Patrick is a member of a protected class, is qualified for the job, and was subject to an adverse employment action. So this case turns on whether Patrick has shown the fourth element of the *prima facie* case for disparate treatment: that Walmart treated her less favorably than "other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

The "nearly identical" requirement ensures that disparate disciplining of the plaintiff and comparators supports an inference that racial discrimination, rather than some other difference in employment circumstances, is the reason for the different consequences. *Id.* at 259–60. Here there are significant differences between Patrick's situation and those of the African-American comparators she cites. Most glaringly, Patrick was a supervisor. Employees who have different work responsibilities generally are not similarly situated. *Id.* at 260. A supervisor's use of a racial epithet around her subordinates is not a "nearly identical" situation to peer employees' using the same term when talking to one another. *See id.*; *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (holding that employees who reported to plaintiff were not appropriate comparators); *Vess v. MTD Consumer Grp., Inc.*, 755 F. App'x 404, 408 (5th Cir. 2019) (unpublished) (per curiam) (concluding that supervisor and hourly employee were not similarly situated).

Patrick argues that the difference in work responsibilities is irrelevant because a Walmart policy prohibits all employees from using the N-word.

---

[2] Race discrimination claims under Title VII and under section 1981 are "parallel" and require the "same proof to establish liability." *Harville*, 945 F.3d at 874 n.10 (internal quotations and citations omitted).

While that may bear some relevance to our inquiry, it does not fully resolve whether the conduct of Patrick and the unloaders was "nearly identical" so as to allow an inference of racial discrimination. We have already noted that an employer may understandably treat more seriously a supervisor's use of the word in discussions with her supervisees than supervisees' use of the word among themselves. But the main reason Patrick's "policy" argument does not carry the day is that her use of the N-word was admitted and substantiated by an internal investigation whereas an investigation into the alleged use of the word by specific unloaders was inconclusive.

It is fundamental, of course, that a proven allegation is different from an unproven one. When upper management investigated the complaint about Patrick's use of the N-word, numerous employees confirmed the allegation as did Patrick herself. In contrast, when upper management investigated Patrick's complaint that her supervisees were using the N-word, the unloaders denied saying it themselves or hearing their peers use the word. Patrick points to earlier complaints about unloaders using the epithet as corroboration for her allegation, but again it does not appear that any investigation confirmed a particular unloader's use of the N-word. While the summary judgment posture requires us to credit the allegations that some unloaders did use the word, for the comparator analysis what matters is that Walmart was able to substantiate the use of the word by Patrick but not others. *See Lee*, 574 F.3d at 260 (explaining that "the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions").

For these reasons, the unloaders and Patrick were not similarly situated so as to allow their disparate treatment to support an inference of unlawful discrimination.

No. 20-30403

## II.

We can readily dispose of Patrick's other arguments on appeal.

On the hostile-work-environment claims, we affirm summary judgment in favor of Walmart essentially for the reasons given by the district court.

Patrick also argues that the district court abused its discretion when it declined to reopen discovery or allow her to redepose two witnesses. Yet she has not explained how the additional deposition testimony would impact the summary judgment analysis. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Even if the added discovery would produce additional evidence indicating that some unloaders used the N-word, that would not change our conclusion that Patrick was not similarly situated to those comparators given that she was a supervisor and that Walmart substantiated her use of the word.

\*\*\*

The judgment of the district court is AFFIRMED.